United States Court of Appeals,

Eleventh Circuit.

No. 94-4549.

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Donald JUSTICE, Defendant-Appellant.

June 30, 1995.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-488-CR), James Lawrence King, Judge.

Before TJOFLAT, Chief Judge, HATCHETT and CARNES, Circuit Judges.

PER CURIAM:

Having been convicted on a guilty plea to one count of possession of unregistered firearms, Donald Justice appeals his sentence, which resulted from an application of §§ 2K2.1(a)(5) and 2K2.1(b)(3) of the United States Sentencing Guidelines. Pursuant to § 2K2.1(a)(5), Justice initially was assigned a base offense level of 18, because his "offense involved a firearm listed in 26 U.S.C. § 5845(a);" more specifically, his offense involved grenades which are destructive devices, one of the several types of firearms listed in § 5845(a). *See* U.S.S.G. § 2K2.1(a)(5) & comment. (n. 5); 26 U.S.C. § 5845. Because grenades also fall into the special firearms category of "destructive devices," pursuant to § 2K2.1(b)(3) Justice's base offense level was enhanced another two points, resulting in a base offense level of 20. Justice contends that the combined application of §§ 2K2.1(a)(5) and 2K2.1(b)(3) constitutes impermissible double counting of his offense conduct. We disagree.

The commentary accompanying § 2K2.1 directs a sentencing judge to apply both subsections (a)(5) and (b)(3) when calculating the sentence of a defendant whose offense involved a destructive device. Application Note 11 explains:

> "A defendant whose offense involves a destructive device receives both the base offense level from the subsection applicable to a firearm listed in 26 U.S.C. § 5845(a) (*e.g.,* subsection ... (a)(3) ...), and a two-level enhancement under subsection (b)(3). Such devices pose a considerably greater risk to the public welfare than other National Firearms Act weapons."

U.S.S.G. § 2K2.1, comment. (n. 11). The "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, *that guideline.*" *Stinson v. United States,* --- U.S. ----, ----, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993) (emphasis added). Justice does not argue that Note 11 violates the Constitution or a federal statute. Nor does he contest the fact that Note 11 clearly comports with the plain language of § 2K2.1. Instead, he contends that Note 11 conflicts with *other* guidelines and their commentary which restrict double counting. Thus, Justice fails to address what is the critical question under *Stinson:* whether a guideline's commentary contradicts *that* guideline. Having conducted our own review of the relevant guideline and commentary, we conclude that Note 11 is not " "plainly erroneous or inconsistent with' " § 2K2.1. Accordingly, the application note controls our determination of this case, *see Stinson,* --- U.S. at ----, 113 S.Ct. at 1920, and we reject Justice's contention.

AFFIRMED.